THE UNITED STATES INVESTMENT COMPANY *et al.* v. THE PHELPS & BIGELOW WINDMILL COMPANY. — (Two Cases.)

1. MECHANIC'S LIEN — *Contract Made in Missouri.* A lien for materials furnished for the erection of improvements on lands in Kansas may be maintained where the contract is entered into in Missouri as well as if it were made in Kansas.

2. HOMESTEAD — *Joint Consent.* In order to create a lien on the homestead for improvements erected thereon, the joint consent of husband and wife is not necessary.

*Error from Rooks District Court.*

TWO ACTIONS tried together — one by the Phelps & Bige-low Windmill Company against W. H. Barnes and wife, the United States Investment Company, and others, and the other by the same plaintiff against William Bunn and wife, the United States Investment Company, and others, to fore-close mechanic's liens.    There was a judgment for plaintiff in each case, and defendants bring error.    The facts appear in the opinion herein, filed October 6, 1894.

*W. W. & W. F. Guthrie,* for plaintiffs in error.

*W. B. Ham,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: These two cases were tried together in the court below, and a single record is brought to this court. The first action was brought by the Phelps & Bigelow Wind-mill Company against W. H. Barnes and wife, the United States Investment Company, *et al.,* to foreclose a mechanic's lien on a quarter section of land in Rooks county.    The sec-ond action was brought by the same plaintiff against William Bunn and wife, the United States Investment Company, *et al.,* to foreclose a mechanic's lien on another quarter section of land in the same county.    The cases are designated as the Barnes case and the Bunn case.    We shall accept the state-ment contained in the brief of counsel for plaintiffs in error, that the findings show all the facts, in the consideration of the case.

The United States Investment Company claimed liens on the same lands under mortgages executed by the respective owners.    The lien of the defendant in error was for wind-mills erected for the purpose of pumping water, and for ap-pliances connected therewith.    We will consider the claims of error in the order stated in the brief.

I. "That the contract was a Missouri contract, the goods

10—54 KAS.

delivered to the landowner in Missouri, and therefore no rights could be predicated thereon under the Kansas mechanic's-lien law." The findings show that the order for the windmill, etc., was solicited by the plaintiff's agent in Rooks county; that it was accepted by the plaintiff's agent at Kansas City, Mo.; that the goods were shipped to Rooks county, freight charges being prepaid by the plaintiff and charged to the defendant, and under the contract the plaintiff was required to, and did, send a man to superintend the erection of the windmills. The orders for the windmills contained definite descriptions of the lands on which they were to be erected. The plaintiff is as clearly entitled to the benefit of our mechanic's lien law as though every part of the transaction had taken place in Kansas.

II. "That the windmill company, having failed to complete the Barnes job in material respects, without other fault than their own, are not entitled to enforce their lien against third parties." The finding of the court is, "The erection of the Barnes mill was completed on July 20, 1887." We are not cited to anything different in the findings.

III. "That the pump, tanks and the item of freight were in no event subjects of lien, and the windmill company, having attempted to obtain and enforce a lien for the same largely in excess of that to which they were legally entitled, cannot insist on any lien at all." The pump, tanks and windmill were all connected, and formed a part of the same improvement. There are no separate findings with reference to the value of each. The item of freight was deducted by the court from the amount for which liens were enforced. We find no error here.

IV. "That the windmill company is not entitled, as against third parties, to enforce a lien for a grossly excessive price." The parties agreed as to the price, and the court finds that, while it was greater than the usual price, there was no evidence of a conspiracy to defraud plaintiff or anyone else.

V. "That the windmill company, by varying the terms of the contract, after the rights of the plaintiff in error intervened, lost their rights to a lien in the Barnes case." The only variation was that, under the contract, Barnes was to settle by giving two notes, due in one and two years, each for one-half of the amount due plaintiff, while, under the settlement in fact made, three notes were given for the same aggregate sum, due in one, two and three years, with the same rate of interest. We do not think the plaintiff lost its lien by this change in the terms of payment.

VI. "That the lands, being homesteads, were not subject to lien, except under contract jointly assented to by both husband and wife, which was not shown." Liens for the erection of improvements are expressly excepted in the constitutional provision with reference to a homestead, and, in order to create them, the joint consent of the husband and wife is not necessary. We perceive no error in the judgment of the court, and it is affirmed.

All the Justices concurring.